IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:13-CR-215-D |
| | § | |
| BENJAMIN KINYUA (01) | § | |
| THOMAS NGANGA MUYA (02) | § | |
| HARRY FABRICE | § | |
| CHEICKH AMONT (03), | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendant Benjamin Kinyua's ("Kinyua's") July 18, 2013 unopposed motion for continuance is granted, and the trial of this case is reset to Monday, December 2, 2013 at 9:00 a.m.[*] Pretrial filings based on the current trial setting are now due based on the new trial setting. Pretrial motions are now due no later than November 4, 2013.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the court can grant an "ends of justice" continuance at the request of a defendant or defendant's attorney if the court does so on the basis of the finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* One of the factors the court may consider in granting an "ends of justice" continuance is "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the

---

[*]In his motion, Kinyua does not specify the length of continuance requested, although his counsel states that he "believes the case is a complex case within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii)." Mot. 1. The court has confirmed through its staff that Kinyua is requesting an unopposed continuance of 90 days. Because the court concludes that such a continuance is supported without concluding that the case qualifies as "complex" under the Speedy Trial Act, the court at this point is granting a continuance under § 3161(h)(7)(B)(iv).

exercise of due diligence." § 3161(h)(7)(B)(iv).

For the reasons set out in defendant's motion, the court finds that (1) the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the defendant in a speedy trial; (2) the failure to grant a continuance in this case would deny defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (3) taking into account the exercise of due diligence by defense counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

Based on this order, the trials of codefendants Thomas Nganga Muya and Harry Fabrice Cheickh Amont are continued to December 2, 2013 as well. *See* 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

**SO ORDERED**.

July 18, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE